1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTONIO RONNELL WILLIAMS,                    No.  2:16-cv-1495 AC P

12                  Plaintiff,

13          v.                                     ORDER

14    HUTSON, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21    1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                  1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
this standard, the court must accept as true the allegations of the complaint in question, Hosp.
Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most
favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395
U.S. 411, 421 (1969).

Although plaintiff appears to be complaining of events that took place at High Desert
State Prison ("HDSP"), where he was previously housed,[1] the court finds the allegations in
plaintiff's complaint so vague and conclusory that it is unable to determine whether the current

---

[1]  The California Department of Corrections online inmate locator service shows plaintiff is
currently incarcerated at California State Prison-Sacramento.

action is frivolous or fails to state a claim for relief.  See ECF No. 1 at 3.  The court has

determined that the complaint does not contain a short and plain statement as required by Fed. R.

Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.

Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because

plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must

be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff seeks to bring an Eighth Amendment excessive use of force claim,

plaintiff is advised that in order to succeed on that claim, he must allege and establish that

defendants unnecessarily and wantonly inflicted pain.  See Whitley v. Albers, 475 U.S. 312, 320

(1986).  Plaintiff must allege facts that explain how each named defendant was involved, the type

of force that was allegedly used, and show that each defendant intended to cause plaintiff harm

and was aware that plaintiff was in pain or discomfort as a result of his or her actions.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that he must exhaust all of his administrative remedies prior to bringing a federal civil rights action.  If plaintiff chooses to file an amended complaint, he should include only those claims for which he has filed administrative grievances.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint (ECF No. 1) is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 29, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE