UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RONNELL WILLIAMS, | No. 2:16-cv-01495 AC P |
| Plaintiff, | |
| v. | ORDER |
| HUTSON, et. al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He has filed an amended complaint (ECF No. 11) and the court must screen it.

I. **Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II. Screening Order**

Plaintiff alleges that, on June 29, 2011, defendants subjected him to excessive force while they were escorting him. ECF No. 11 at 1-2. The allegations, taken as true, state a viable Eighth

Amendment claim. It is apparent, however, that this claim is barred by the statute of limitations.

The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action – typically the date on which the injury actually occurs. See Ward v. Westinghouse Can., 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). And California courts have read out the "less than life" limitation. See Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004). Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit.

As noted above, the alleged injury in this complaint occurred on June 29, 2011. ECF No. 11 at 1-2. Plaintiff alleges that he was slammed "face-first into the pavement" and, accordingly, he had reason to know of his injury on that date. Id. The initial complaint in this action, however, was not filed until June 14, 2016 (ECF No. 1) – nearly one year after the four year statute of limitations expired. The court will not dismiss this action immediately. Instead, plaintiff will be given an opportunity to respond to this order and show why his claims should not be dismissed as time barred. He should respond to this order within twenty-one days of the date of its filing.

### III.    Summary of the Order

The court has found that your claim is filed too late to be considered. In California, prisoners have four years to bring a personal injury action. Your claim is based on an incident that occurred in June 2011, but you did not file this action until June 2016. Your claims have not been dismissed yet, however. You are being given an opportunity to respond to this order and argue why your claims are either: (1) not actually more than four years old, measured from the time you filed the complaint in this action; or (2) were filed more than four years after your injury, but are excused from the statute of limitations (deadline) for some reason. You have

3

twenty-one days from the date this order is entered to file your response.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of this order's entry, plaintiff should respond to this order and show cause why his claims should not be dismissed as barred by the statute of limitations.

DATED: May 26, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE