UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RONNELL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>HUTSON, et al.,<br><br>Defendants. | No. 2:16-cv-1495 AC P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |

On October 26, 2017, plaintiff, a state prisoner proceeding pro se with a civil rights action, filed a motion with this court entitled, "Re Realty Quasi-Judicial Negotiable Instrument." ECF No. 21. In it, plaintiff asks for sanctions against California State Prison officials Hutson and Miller,[1] who are defendants in this matter. Id. The precise grounds upon which these sanction requests rest, and the reasons in support of them, are unclear. However, plaintiff appears to contend that the United States Marshal's court-ordered service of documents upon defendants (see ECF No. 18) constituted an implicit admission that defendants "has [sic] been found to have commited [sic] the accused act" (ECF No. 21 at 1), and that as a result, sanctions against the defendants are now warranted (see id. at 4). In further support of his argument for sanctions,

---

[1] Although in plaintiff's motion he identifies additional California State Prison officials who he alleges also harmed him, the court has previously determined that potentially cognizable excessive force claims only exist against defendants Hutson and Miller. (See ECF. No. 14 at 2).

1

plaintiff cites to Franklin v. Murphy, 745 F.2d 1221, 1229 (9th Cir. 1984).  Specifically, plaintiff appears to assert that because defendants' counters to the allegations in his complaint are not "complete and obvious," he is entitled to relief under Franklin.  See generally id. at 1, 4.

Plaintiff misinterprets Franklin.  Franklin addressed, in relevant part, whether the court could dismiss sua sponte an initial complaint which provided facts that would clearly defeat the claim.  See Franklin, 745 F.2d at 1228-29.  Franklin does not, as plaintiff appears to argue, address the potential viability of defenses or sanctions for less viable defenses.  For these reasons, plaintiff's request for sanctions against defendants is denied.

Additionally, plaintiff's effort to address the merits of claims is premature, as defendants have not yet responded to the complaint.  Therefore, plaintiff is admonished to refrain from filing further pleadings in this case until so directed by the court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 21) is DENIED.

DATED: November 9, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE