UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTONIO RONNELL WILLIAMS, | No. 2:16-cv-1495 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| HUTSON, et al., | |
| Defendants. | |

On December 11, 2017, plaintiff filed a request for entry of default, presumably pursuant to Fed. R. Civ. P. 55(a). See ECF No. 33 (document entitled "Motion for Leave of Court"). In it, he objects to defendants' November 11, 2017 request for a thirty-day extension of time to file an answer to his complaint. See id. This is plaintiff's second request for an entry of default related to defendants' recent change in representation and their subsequent, related request for an extension of time to file an answer to the complaint.[1] Compare ECF No. 29, with ECF No. 33 (plaintiff's two entry of default requests).

Plaintiff is reminded that judgment by default is a drastic step that is appropriate only in extreme circumstances. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). A case

---

[1] On November 8, 2017, defense counsel from the Office of the Attorney General filed an extension of time request along with a declaration indicating that the extension was needed because the office had recently determined that the defendants might need to seek outside counsel in the instant matter. See ECF No. 22 at 1-2.

1

should, whenever possible, be decided on the merits. Id. (citing Schwab v. Bullocks, Inc., 508 F.2d 353, 355 (9th Cir. 1974)).

Plaintiff's first entry of default request, filed November 27, 2017 (see ECF No. 29), was declined by the clerk's office due to the fact that defendant Hutson had filed an answer on November 13, 2017, and defendant Miller's filing deadline date – December 13, 2017 – had yet to pass. See ECF No. 30. Thereafter, on December 1, 2017, defendant Miller timely filed an answer to the complaint (see ECF No. 31) in compliance with the court's thirty-day grant of additional time (see ECF No. 23).

In the instant request for entry of default, which is quite convoluted, plaintiff appears to argue that because: (1) defense counsel from the Office of the Attorney General failed to provide proper notice of his withdrawal as counsel, and (2) the proper fees for defense counsel to practice in this court have not been paid, default "on its face" has occurred. See ECF No. 33. Plaintiff, however, fails to provide any authority in support of these contentions. Id. The court is aware of no sound legal basis for plaintiff's position. In addition, plaintiff fails to describe any harm or prejudice that he has experienced due to either: (1) defendants' change in legal representation, or (2) defendant Miller filing his answer approximately two weeks after the originally ordered due date. See generally ECF No. 33. For these reasons, plaintiff's request for entry of default will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for entry of default (ECF No. 33) is DENIED.

DATED: January 16, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE