UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RONNELL WILLIAMS, | No. 2:16-cv-1495 AC P |
| Plaintiff, | |
| v. | ORDER |
| HUTSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Discovery has closed. Plaintiff has filed several motions for miscellaneous relief. See ECF Nos. 44, 46, 49, 52. For the reasons stated below, the court shall deny each of them.

I. MOTION FOR SANCTIONS

On March 30, 2018, plaintiff filed a motion for sanctions. ECF No. 44. Defendant Miller filed an opposition to the motion on April 11, 2018, and on April 16, 2018, defendant Hutson filed an opposition to it. See ECF Nos. 47, 48, respectively.

A. Plaintiff's Motion for Sanctions

Plaintiff's motion for sanctions is difficult to decipher. However, it appears that plaintiff is asking the court to impose monetary sanctions on defendants for failing to respond to discovery requests plaintiff sent to them. See ECF No. 44 at 1-2.

1

B.  Defendant Miller's Opposition

Defendant Miller states that the motion should be denied because he timely served responses to plaintiff's written discovery. See ECF No. 47 at 1-2. In support of this, he points to plaintiff's own mailing log, which shows that plaintiff received mail from defense counsel's firm on March 15, 2018. See id. at 1. Defendant Miller also contends that his responses were complete and that in the instant motion, plaintiff has made no argument that they were not. See id. at 2.

A review of plaintiff's prison mail log shows that he received mail from defendant Miller's counsel. See ECF No. 44 at 5. In addition, in plaintiff's reply, he admits that he received defendant Miller's discovery response the same day he mailed the court the instant motion for sanctions. See ECF No. 50 at 2-3. Despite these facts, however, plaintiff contends that sanctions should still be imposed because defendant Miller's responses are "inadequate and incomplete." See id. at 2-3. However, plaintiff's attempt to explain how defendant Miller's responses are incomplete is virtually unintelligible. See id. at 2-5.

C.  Defendant Hutson's Opposition

Defendant Hutson states that plaintiff's motion should be denied because (1) plaintiff served him at the wrong address, and (2) prior to filing the motion for sanctions, plaintiff failed to attempt to meet and confer with him as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 251. See ECF No. 48 at 2. Counsel for Hutson states that she "erroneously believed she had provided notice of her change of address via PACER," and that when she realized she was mistaken, she promptly filed a notice of change of address with the court. See id. at 1 n.1. In addition, she informed plaintiff that she had not received his discovery requests, and she asked him to re-serve them and to withdraw the instant motion.[1] See id. at 1-2. Counsel argues that because defendant Hutson's failure to respond to plaintiff's discovery was not intentional, sanctions are not appropriate. See id. at 2. Counsel also contends that because plaintiff filed the motion for sanctions without first attempting to determine whether defendant Hutson would

---

[1] A copy of the April 2018 letter defense counsel sent to plaintiff stating as much is attached to defendant Hutson's opposition. See ECF No. 48 at 4.

2

1 | provide discovery responses without court action, plaintiff's sanctions motion should be denied.
2 | See id. at 2.

Based upon the parts of plaintiff's reply that the court can understand, it appears plaintiff is arguing that because defense counsel failed to promptly file a change of address form, defendant Hutson should still be sanctioned because this has "hindered [his] execution of this case." See ECF No. 50 at 3-5 (brackets added).

D. Discussion

Plaintiff's motion for sanctions was premature, because he did not first attempt to communicate with defendants Miller and Hutson about the discovery problems. Moreover, plaintiff has provided no basis for the imposition of sanctions. It appears that plaintiff has received responses to his discovery requests, and he has not identified any sanctionable defects in those responses. Accordingly, his motion to sanction defendants Miller and Hutson (ECF No. 44) will be denied.

II. MOTION FOR PROTECTIVE ORDER

On April 19, 2018, plaintiff filed a motion for a protective order, ECF No. 49, which seeks to prevent his deposition scheduled for April 27, 2018. Plaintiff bases this motion on defendant's alleged failure to provide discovery. ECF No. 49 at 1-2. Defendants did not respond to this motion. Plaintiff's deposition date has long since passed, so this motion is likely moot. However, the motion would be denied in any case because plaintiff failed to provide any legal grounds for halting his deposition. To the extent plaintiff relies on defendants' alleged failure to respond to discovery, plaintiff has failed to identify any discovery violation.

III. ADDITIONAL MOTIONS

On April 9, 2018, plaintiff filed an "interlocutory legal notice." ECF No. 46. To the extent that the court can understand it, this document requests a settlement conference. See id. at 3. Plaintiff contends that a settlement conference is in order because defendants Miller and Hutson have failed to respond to his discovery. See id. at 3.

On May 17, 2018, plaintiff filed a "motion for immediation [sic] hearing." ECF No. 52 (brackets added). The Clerk of Court construed and docketed this as a motion for a mediation

hearing. In this motion, plaintiff appears to allege that defendant Hutson's counsel "expos[ed] confidential information from [my] health care records without consent." See id. (brackets added). Plaintiff does not identify any confidential documents that have been exposed, or indicate how he was harmed as a result of the alleged breach of confidentiality.

On September 10, 2018, plaintiff filed a document that he called a "Declaration of Municipal Code Section," and that the Clerk of Court construed and docketed as another motion for a settlement conference. ECF No. 70. In the portion of the motion that is intelligible, plaintiff asks for a settlement conference.

Defendants have not responded to these motions.

There is no right to a settlement conference or mediation services. The court does not find that a court settlement conference or other alternative dispute resolution process would be appropriate at this time. Accordingly, these motions will be denied.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions, ECF No. 44, is DENIED;
2. Plaintiff's motion for a protective order, ECF No. 49, is DENIED;
3. Plaintiff's motions for a settlement conference and/or mediation, ECF Nos. 46, 52, and 70, are DENIED; and
4. Defendant's Hutson's motion for extension of time, ECF No. 57, is granted nunc pro tunc.

DATED: March 28, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE