UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio Ronnell Williams, | No. 2:16-cv-01495-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Hutson, et al., | |
| Defendant. | |

Mr. Antonio Ronnell Williams, the plaintiff in this action, who is incarcerated and unrepresented by counsel, alleges correctional officers slammed him "face-first into the pavement," knelt on his neck, and pulled his hair. *See* First Am. Compl. at 1–2, ECF No. 11. This was in June 2011. *See id.* He filed this case in June 2016, asserting claims against the officers under 42 U.S.C. § 1983. *See generally* Compl., ECF No. 1. More than four years had passed between the time of the alleged assault and the time he filed this case, so the deadline to bring a § 1983 claim had passed, and the magistrate judge recommended granting summary judgment to the defendants. *See generally* Findings & Recommendations, ECF No. 84. This court adopted that recommendation in full after considering Mr. William's objections. *See* Order (Oct. 1, 2020), ECF No. 87. Judgment was entered and the case was closed on October 1, 2020. *See* Judgment, ECF No. 88.

/////

1

1    Mr. Williams filed a notice of appeal.  ECF No. 89.  It was docketed on November 16,

2    2020, but it was dated November 12, and Mr. Williams explained that he had not received notice

3    of this court's order until October 29.  *See id.*  Federal law requires appeals to be filed "within

4    thirty days after the entry of . . . judgment," 28 U.S.C. § 2107(a), but permits a district court to

5    "reopen the time for appeal for a period of 14 days" if (1) the appealing party did not receive

6    notice of the judgment "within 21 days of its entry," and (2) "no party would be prejudiced," *id.*

7    § 2107(c).  A person who requests an extension under that section must file that request "within

8    180 days after the entry of the judgment or order or within 14 days after receipt of such notice,

9    whichever is earlier."  *Id.*  Federal Rule of Appellate Procedure 4(a) provides similarly.[1]  The

10   Ninth Circuit has also held that if a notice of appeal includes a statement that the appellant did not

11   receive notice of the judgment, the notice of appeal should be construed as a motion to reopen the

12   time to file an appeal under the rules summarized above.  *See United States v. Withers*, 638 F.3d

13   1055, 1061 (9th Cir. 2011).  And because Mr. Williams is not represented by counsel and is

14   incarcerated, his notice of appeal is deemed to have been filed on the date he delivered it "to the

15   prison authorities for forwarding to the clerk of the District Court."  *Houston v. Lack*, 487 U.S.

16   266, 270 (1988); *see also* Fed. R. App. P. 4(c)(1); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th

17   Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 suits filed by *pro se* prisoners.").

18   Together, these rules would mean Mr. Williams's notice of appeal in this case was timely

19   if he could show he gave it to prison officials to be mailed within fourteen days of receiving a

---

[1] "In a civil case [such as this one] . . . , the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  But "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

1    copy of the judgment.  *See* Order to Show Cause, No. 20-17255 (9th Cir. Dec. 14, 2020), Dkt.

2    No. 3 (citing Fed. R. Civ. P. 4(c)(1) and *Houston*, 487 U.S. at 270).  The Ninth Circuit thus

3    permitted him to file a "declaration or notarized statement attesting to the date on which the

4    notice of appeal was deposited into the internal mail system and whether first-class postage was

5    prepaid, or otherwise show cause why [his] appeal should not be dismissed for lack of

6    jurisdiction."  *Id.* at 2.

7         Mr. Williams filed a response and a mail card showing he had received notice of the

8    judgment on October 29, 2020.  *See* Resp. & Ex. A, No. 20-17255 (9th Cir. filed Mar. 1, 2021),

9    Dkt. Nos. 5, 6.  He also wrote that he must have deposited his notice of appeal in the prison's

10   internal mail system on Thursday, November 12, 2020 because mail is not collected in the prison

11   on Fridays or Saturdays, so if he had not sent the notice of appeal on Thursday, November 12, it

12   would not have been collected until Sunday, November 15.  *See id.* at 1–2.  But if the notice of

13   appeal had been collected on Sunday, it would have been mailed on Monday, the same day this

14   court received and docketed it.  *See id.*

15        The Ninth Circuit remanded the case to this court "for the limited purpose of allowing

16   [this court] to make factual findings regarding whether [Mr. Williams] delivered the notice of

17   appeal to prison officials for mailing to the court in compliance with the requirements of Federal

18   Rule of Appellate Procedure 4(c) within 14 days after receiving notice of the entry of judgment."

19   Remand Order at 2, ECF No. 92.  If this court determined "that the notice of appeal would be

20   timely as a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure

21   4(a)(6)," the Circuit also requested that this court "rule on the motion to reopen the time to

22   appeal."  *Id.* at 2–3.  The Circuit permitted this court to "call for any additional submissions from

23   the parties as [this] court deems appropriate."  *Id.* at 3.

24        On remand, this court permitted Mr. Williams to "file a further submission in support of

25   his claim that he delivered the notice of appeal to prison officials for mailing to the court in

26   compliance with the requirements of Federal Rule of Appellate Procedure 4(c) within 14 days

27   after receiving notice of the entry of judgment."  Order at 1–2 (June 29, 2021), ECF No. 94.  This

28   court also permitted Mr. Williams to "explain why, if this court determines the notice of appeal

1    would be timely, the court should grant the motion to reopen the time to appeal," and the court

2    permitted the defendants to respond to Mr. Williams's supplement.  *See id.* at 2.

3          Mr. Williams has responded in a document the contents of which he "swears" are "true

4    and correct."  Pl.'s Resp., ECF No. 95, at 1.  He first reiterates that he received notice of the

5    judgment on October 29.  *Id.* at 1.  He admits the prison has no "memorandum or  regulation on

6    why mail isn't collected or sent out Friday and Saturday," but he claims that "is a fact," *id.* at 2,

7    because "[n]o one works in the mail room on Saturday," *id.* at 3.  He also stands by his argument

8    that because he mailed the notice of appeal "regularly and not first class," it must have been

9    deposited on November 12, not November 15 or later.  *Id.*  And finally, he asks the court to

10   reopen his appeal because his claims are not frivolous and because he has acted in good faith.  *See*

11   *id.* at 2–3.  The defendants dispute none of Mr. Williams's factual claims.  *See generally* Defs.'

12   Resp., ECF No. 96.  The court thus finds the following is undisputed:

13       (1)    In November 2020, legal mail was not collected from inmates on Fridays or

14           Saturdays.

15       (2)    Legal mail was not collected from inmates in the prison on November 13 or 14,

16           2020.

17       (3)    If Mr. Williams had not deposited his notice of appeal in the prison's legal mail

18           system on November 12, 2020, it would have been collected on Sunday,

19           November 15, 2020, and mailed on Monday, November 16, 2020.

20       (4)    Mr. Williams did not send his notice of appeal for same-day delivery; he mailed it

21           "regularly" using the U.S. Postal Service.  The court interprets "regularly" as a

22           reference to the United States Postal Service's First Class Mail—as opposed to

23           Priority Mail Express or Priority Mail, for example—which is not delivered the

24           same day.  *See* U.S. Postal Serv., Mail & Shipping Services (2021).[2]

---

[2] https://www.usps.com/ship/mail-shipping-services.htm (last visited Sept. 16, 2021).  The court takes judicial notice of the Postal Service's descriptions of its mail services on its official website.  *See Organic Cannabis Found., LLC v. Comm'r of Internal Revenue*, 962 F.3d 1082, 1096 & nn.8–9 (9th Cir. 2020) (taking judicial notice of zip code information published on the Postal Service's website), *cert. denied*, 209 L. Ed. 2d 733 (May 3, 2021), *and cert. denied sub*

(5)     This court docketed Mr. Williams' notice of appeal on November 16, 2020.

Mr. Williams therefore must have deposited his notice of appeal in the prison legal mail system

on November 12, 2020, the fourteenth day after he received notice of the entry of judgment.

Although the defendants dispute none of these facts, they argue Mr. Williams's appeal

was untimely because his supplement does not satisfy Rule 4(c)(1).  *See id.* at 3.  That rule

imposes the following requirements:

> (1) If an institution has a system designed for legal mail, an inmate
> confined there must use that system to receive the benefit of this Rule
> 4(c)(1).  If an inmate files a notice of appeal in either a civil or a
> criminal case, the notice is timely if it is deposited in the institution's
> internal mail system on or before the last day for filing and:
>
>> (A) it is accompanied by:
>>
>>> (i) a declaration in compliance with 28 U.S.C.  174—
>>> or a notarized statement—setting out the date of
>>> deposit and stating that first-class postage is being
>>> prepaid; or
>>>
>>> (ii) evidence (such as a postmark or date stamp)
>>> showing that the notice was so deposited and that
>>> postage was prepaid; or
>>
>> (B) the court of appeals exercises its discretion to permit the
>> later filing of a declaration or notarized statement that
>> satisfies Rule 4(c)(1)(A)(i).

Fed. R. App. P. 4(c)(1)(A), (B).  A pro se inmate's filing is thus "filed" when it is deposited into

the prison's legal mail system and if one of four things is true: (1) The filing is "accompanied by"

a declaration that complies with 28 U.S.C. § 1746 "setting out the date of the deposit and stating

that first-class postage is being prepaid," (2) the filing is accompanied by a "notarized statement"

with the same information, (3) the filing is accompanied by some other "evidence (such as a

postmark or date stamp) showing that the notice was deposited and that postage was prepaid," or

(4) "the court of appeals exercises its discretion to permit the later filing" of the same declaration

or notarized statement, but not other "evidence."  *Id.*

---

*nom. N. Cal. Small Bus. Assistants, Inc. v. Comm'r of Internal Revenue*, 209 L. Ed. 2d 733 (May
3, 2021).

1    Mr. Williams did not submit a declaration or notarized statement with his notice of appeal.

2  Nor was his notice of appeal "accompanied by" evidence about the prison's legal mail system,

3  which is a necessary component of any finding that his notice of appeal was timely.  The Ninth

4  Circuit, however, has exercised its discretion to permit the later filing of a declaration or other

5  notarized statement, and it has permitted this court to receive evidentiary submissions, as

6  summarized above.  As a result, Mr. Williams could succeed by submitting a "declaration" or a

7  "notarized statement."  His supplement is neither.  It is not notarized, and it is not a "declaration"

8  under 28 U.S.C. § 1746 because he did not include the statement required by that section.  *See* 28

9  U.S.C. § 1746 ("I declare (or certify, verify, or state) under penalty of perjury that the following

10  is true and correct. Executed on (date).").

11    This defect could be corrected if Mr. Williams were to restate the claims in his

12  supplement with the statement required by § 1746.  If he did, the court could conclude he had

13  moved to reopen the time to appeal before the relevant deadline under Rule 4(a)(6) and (c)(1).

14  The court could also grant his motion to reopen the time to appeal.  He did not receive notice of

15  the judgment under Federal Rule of Civil Procedure 77(d) within 21 days after entry, and given

16  his short delay, no party would be prejudiced.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(6).

17    The court therefore **grants** Mr. Williams leave to submit a further supplement clarifying

18  whether he declares, certifies, verifies, or states under penalty of perjury that the claims in his

19  July 21, 2021 supplement, docketed on July 26, 2021 at ECF No. 95, are true and correct.  Any

20  such further supplement must be filed **within 21 days of Mr. Williams' receiving service of this**

21  **order**.

22    IT IS SO ORDERED.

23   DATED:  September 20, 2021.

24    _____
     CHIEF UNITED STATES DISTRICT JUDGE